United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41306
Summary Calendar

BOBBY BROWN; ET. AL.,

Plaintiffs,

BOBBY BROWN,

Plaintiff-Appellee,

versus

JERRY GROOM; ET. AL,

Defendants,

LIEUTENANT DANIELS; SERGEANT CASTRO; MARCUS FORD;
SERGEANT GALLEOS; HERLINDA QUINONES; MARIBEL TAMEZ,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:01-CV-5
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants appeal the district court's finding, in its

partial denial of their second motion for summary judgment, that

they were not entitled to qualified immunity with respect to the

First Amendment claim brought against them in a civil rights suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Bobby Brown, Texas prisoner #1124005. We conclude, after considering the allegations in Brown's verified pleadings, the testimony by Brown at an evidentiary hearing before the district court, and the documentary evidence submitted by the defendants and Brown, that the district court's ruling should be affirmed. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98-99 (5th Cir. 1997); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).

Summary-judgment decisions are reviewed de novo, applying the same test as the district court. E.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992). According to the defendants' own summary judgment evidence, the defendants were supposed to resolve any "discrepancy or question with the [Ramadan] list" by checking with the prison chaplaincy department. There was no evidence that the defendants contacted the chaplaincy department either after Brown told them he was supposed to be participating in Ramadan or after he showed them a lay-in pass, which contrary to usual Ramadan practice, was only for the morning Ramadan services and meals. Importantly, while the defendants raised several questions concerning the lay-in pass, they did not contest the authenticity or validity of the pass. Accordingly, the district court was correct in concluding that, based upon the summary judgment evidence, the defendants

were not, as a matter of law, entitled to qualified immunity. See FED. R. CIV. P. 56(c).

The defendants' arguments on appeal regarding the specific allegations against each of them do not show that the district court erred in finding they were not entitled to qualified immunity. The defendants argue that Officer Tamez is qualifiedly immune because, according to Brown, it was Lieutenant Masters, not Officer Tamez, that would not let Brown eat and attend services on December 19, 2000. Brown testified during the evidentiary hearing, however, that both Lieutenant Masters and Officer Tamez refused to let him participate in a morning meal and service.

Their arguments regarding Sergeant Ford fail because Brown had a lay-in pass with an effective date of November 28, 2000, and he therefore produced at least some evidence that his name was on a hard copy of the list during the time he was in the transitional building. Ford, on the other hand, produced no evidence that he attempted to check the hard copy of the Ramadan list after Brown told him he was supposed to be participating in Ramadan or after Brown showed him the lay-in pass.

With respect to Lieutenant Daniels, the defendants have not explained why the lockdown in the dining room was a valid reason for not allowing Brown to attend prayer services after he ate. The defendants' arguments concerning Sergeant Castro also fail. Brown alleged in his verified response to the defendants' summary

judgment motion that he showed his lay-in pass to the defendants, and he testified in the evidentiary hearing that Castro did not allow him to get his Ramadan meal, even after he advised her that he needed a meal because he had been fasting all day due to Ramadan.

The district court did not err in denying Sergeant Gallegos's[1] and Officer Quinones's claims of qualified immunity. The defendants rely on Green v. McKaskle, 788 F.2d 1116, 1126 (5th Cir. 1986), for the proposition that when a prisoner is prevented by circumstances from attending an occasional religious service, such an occasional denial of the right to attend services does not violate the prisoner's right to practice his religion. Green is distinguishable from this case because it concerned a Baptist prisoner's desire to attend more than one service on Sundays. Id. Here, the prison policy recognized that, during Ramadan, Muslim prisoners would participate in two daily prayer services and two daily meals. The defendants' contention that Brown was precluded from services because he refused to tuck in his shirt is unavailing. Brown testified that he had a medical pass allowing him to keep his shirt untucked because he had a catheter. The defendants did not produce any evidence refuting that testimony, and they have therefore not explained why Brown's failure to have his shirt tucked in allowed

---

[1] The style spells the name "Galleos." The briefs, however, indicate that the correct spelling is "Gallegos."

them to refuse him participation in Ramadan.  The district court's partial denial of the defendants' second summary judgment motion is AFFIRMED.